IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. 4:14-CR-103 |
| ANDREW SALDIVAR, ET AL, | § § | Judge Crone |
| Defendant. | § § § | |

## NON-PARTY GOOGLE INC.'S MOTION TO QUASH WITNESS SUBPOENA

### I.   INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records. To that end, Google Inc. ("Google") provided the Government with several a 902(11) declarations to authenticate and admit certain business records that the government intends to use at trial. Despite the dictates of Rule 902(11), the government has served non-party Google with a witness subpoena to authenticate those records (hereafter, the "Witness Subpoena"). See Exhibit 1 to the Declaration of Despina Papageorge ("Papageorge Decl."). The Witness Subpoena demands that Google send one of its California-based records custodians to Texas to testify in this case. Google understands that the Government seeks testimony solely to establish the authenticity of the records produced—records within the ambit of Rules 803(6) and 902(11).

Google submits that the Witness Subpoena be quashed as unreasonable and oppressive because Google's business records can be authenticated and admitted without live testimony. *See* Fed. R. Cr. P. 17(c)(2).

## II. FACTUAL BACKGROUND

Between March 12, 2013 and July 25, 2013, Google received two summonses and three search warrants from Immigration and Customs Enforcement. *See* Papageorge Decl., ¶¶ 4-8. In response to each request, Google produced responsive records to the Government along with certificates of authenticity consistent with Rules 803(6) and 902(11). *Id.*

On September 15, 2014, Google received a Witness Subpoena from the United States Attorney's Office, Eastern District of Texas, pursuant to Rule 17 of the Federal Rules of Criminal Procedure. *See* Papageorge Decl., Ex. 1. The Witness Subpoena demands that Google's Custodian of Records appear and testify at trial regarding its production in response to the warrant. Google understands that the Government believes Defendant may object to any certification in lieu of live testimony, and therefore seeks live testimony to establish the authenticity of the records produced by Google, but no issue has been raised as to the regularity, completeness or authenticity of the records. Google has attempted to resolve this matter to no avail, and therefore files this Motion to Quash.

## III. ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2) permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)).

**A.     The Witness Subpoena Seeks Duplicative and Unnecessary Testimony**

Federal Rule of Evidence 803(6)[1] provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified

---

[1] Federal Rules of Evidence 803 and 902 were reworded in 2011. As expressly reflected in the Advisory Committee notes for each Rule, the changes "are intended to be stylistic only" and

witness, *or by a certification that complies with Rule 902(11)….*" (emphasis added). This exception applies if:

> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity . . . and
> **(D)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Under Federal Rule of Evidence 902(11), extrinsic evidence of authenticity is not required for admissibility with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection— so that the party has a fair opportunity to challenge them.

Here, the documents produced contain information recorded by Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Papageorge Decl. Exs. 2-6; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Google, and were made in the course of regularly conducted activity as a regular practice by Google. *See* Papageorge Decl. Exs. 2-6; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). Accordingly, there can be no dispute that the documents produced by Google are business records under Rule 803(6), or that Google's declarations comply with Federal Rule 902(11). The Fifth Circuit has held that even in the criminal context, "[a] proper foundation is laid for business records simply by an affidavit that attests to the requisite

---

"[t]here is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 803 advisory committee notes; Fed. R. Evid. 902 advisory committee notes.

elements of FRE 803(6)." *U.S. v. Towns*, 718 F.3d 404, 409 (5th Cir. 2013). Therefore, the documents produced by Google have been authenticated and the Government's request for further testimony as to their authenticity is duplicative and unreasonable. *Id*. at 411 (pharmacy purchase logs properly admitted via affidavit); *see also, U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by certificate from records custodian, noting that use of certificates is permissible where the purpose is solely to authenticate records and not to establish facts); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted).[2]

---

[2] *Cf. U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

The Supreme Court's decisions in *U.S. v. Melendez-Diaz*, 557 U.S. 305 (2009) (upholding Confrontation Clause challenge against admission of analyst report attesting that the substance analyzed was cocaine) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011) (upholding Confrontation Clause challenge against admission of blood alcohol analysis) do not change this analysis, because those cases concerned reports expressly produced for purposes of a criminal proceeding. By contrast, and as explained in *Melendez-Diaz*, "[b]usiness and public records are generally admissible absent confrontation" because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" and are therefore "not testimonial." *Melendez-Diaz*, 557 U.S. at 324. Consistent with this approach, the Fifth Circuit has held that records maintained by a communications service provider in the regular course of business and produced in response to legal process are non-testimonial. *See U.S. v. Wyss*, 542 Fed. Appx. 401, 405-06, 2013 WL 5701059, at *2-3 (5th Cir. 2013) (holding that records of Sprint IP addresses are non-testimonial, stating that "Unlike laboratory certificates created for use at trial to prove cocaine of a certain weight in *Melendez–Diaz* and a surrogate analyst who did not perform the blood-alcohol tests to prove blood alcohol content in *Bullcoming*, Sprint did not create or maintain IP addresses and data within its corporate records for purposes of litigation or as evidence of customer usage to exploit children."); *see also Towns*, 718 F.3d at 409 (rejecting Confrontation Clause challenge to admission of purchase logs produced by a pharmacy; unlike *Melendez-Diaz* and *Bullcoming*, "the purchase logs were not prepared specifically and solely for use at trial, [ ] are not testimonial and do not violate the Confrontation Clause.").

Indeed, to compel Google to send a witness to provide live testimony would defeat the purpose of Rule 902(11), as noted by one of its drafters:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

**B.     The Witness Subpoena Imposes a Burden on Google That Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena under Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

Under Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-

28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003).

The Government cannot demonstrate an interest in enforcing the Witness Subpoena beyond that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Google understands that the Government seeks live testimony primarily because it is concerned that Defendant will unreasonably argue that a declaration is inappropriate for some unexpressed reason.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Papageorge Decl. ¶ 2. Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis. *Id*. The types of investigations that lead to these requests run the gamut from drug cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id*. Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id*. If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id*.

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.   CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.

-8-

Dated: November 12, 2014                      Respectfully submitted,


                                          *s/ Wyatt Maxwell*
                                          William Wyatt Maxwell
                                          State Bar No. 24060240
                                          wmaxwell@perkinscoie.com
                                          Lead Attorney
                                          Perkins Coie LLP
                                          500 N. Akard Street Suite 3300
                                          Dallas, TX 75201
                                          Telephone: 214.965.7708
                                          Facsimile: 214-965-7799

                                          ATTORNEYS FOR NON-PARTY
                                          GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed November 12, 2014, and that the United States and defense counsel were notified by electronic notification.

>  */s/ Wyatt Maxwell*_____
>  William W. Maxwell

## CERTIFICATE OF CONFERENCE

Counsel for Google Inc., John R. Tyler, conferred with Assistant U.S. Attorney, Randall Blake regarding the witness subpoena that is the subject of the foregoing motion to quash, and upon request to withdraw the subpoena to avoid the motion, Mr. Blake indicated that the United States will not withdraw the subpoena and is therefore OPPOSED to the motion.

>  */s/ John R. Tyler*_____
>  John R. Tyler
>  Counsel for Google Inc.

41063-0096/LEGAL124034427.2